IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20093
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY EUGENE CLARK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-552-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Troy Eugene Clark appeals his conviction and sentence after his bench-trial conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 921(g)(1) and 924(a)(2). Clark's challenges to his conviction are based on the constitutionality of 18 U.S.C. § 922(g). Clark concedes that his arguments are foreclosed and that they are being raised to preserve them for possible further review. Clark's arguments challenging his conviction are indeed foreclosed. See United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); and United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

Clark also challenges his sentence on the ground that the district court impermissibly delegated its payment-setting authority to the Probation Office. Clark did not object to the cost-payment conditions at sentencing; accordingly, we review the claim for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Clark has failed to establish plain error. See United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002). Accordingly, Clark's conviction and sentence are AFFIRMED.