**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-40961

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFERY LYNN WARDEN,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas

May 14, 2002

Before DAVIS, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Jeffery Lynn Warden appeals his guilty-plea conviction for possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Warden argues that the district court committed reversible error by including in its written judgment special conditions of supervised release that were not part of its oral pronouncement of sentence at the sentencing hearing, and also argues that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We disagree.

Warden pleaded guilty to possessing more than 100 kilograms of marijuana and was sentenced to a 76-month term of imprisonment, a five-year term of supervised release, and a $100 mandatory special assessment. At the sentencing hearing, the judge stated that Warden should undergo a sex-offender evaluation and receive counseling, if necessary, because of his history involving crimes against children. The judge then directed the parties to "come up with some language" for an appropriate special condition of supervised release. The district court orally pronounced Warden's sentence in relevant part as follows:

> While on supervised release, the Defendant. . .shall participate in drug abuse counseling as required by the Probation Department, including inpatient or outpatient treatment as required. And. . .we already had the earlier discussions of sex offender evaluation and the conditions that flow from it and that are imposed until modified. They are reimposed here now and are part of the sentence. I think the defendant also reflects a certain degree of abusive behavior to other persons, and I want those evaluated as well for anger treatment, how to handle his own behavior.

Eight days later, the court signed the written judgment, which stated in part the following conditions of supervised release:

> DRUG TREATMENT: The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all the rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug detection techniques in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such monitoring, based on ability to pay as determined by the probation officer.

OTHER: The defendant is required to participate in a sex offender evaluation as directed by the probation officer.

SEX OFFENDER COUNSELING: If deemed appropriate by the sex offender evaluation, the defendant is required to participate in sex offender counseling as directed and approved by the probation officer. The defendant will incur costs associated with such programs, based on ability to pay as determined by the probation officer.

OTHER: The defendant is required to participate in an anger management evaluation as directed by the probation officer.

ANGER MANAGEMENT COUNSELING: If deemed appropriate by the anger management evaluation, the defendant is required to participate in anger management counseling as directed and approved by the probation officer. The defendant will incur costs associated with such programs, based on ability to pay as determined by the probation officer.

We review the district court's imposition of special conditions of supervised release for an abuse of discretion. *United States v. Bird*, 124 F.3d 667, 684 (5th Cir. 1997).[1]

Warden first argues that by imposing new conditions in its written judgment that were not discussed at the sentencing hearing, namely his responsibility to pay for the costs of drug treatment and counseling, sex offender counseling, and anger management counseling, the district court committed reversible error. Alternatively, Warden argues that the district court impermissibly delegated authority to the Probation Department to set the amount of payments for the required

---

[1]Warden concedes that he is raising this objection to his sentence for the first time on appeal. Thus, we would normally review his claim for plain error. *United States v. De La Pena-Juarez*, 214 F.3d 594, 600 (5th Cir. 2000). However, because Warden had no opportunity to object to or comment on the special conditions as imposed in the written order, we will review the district court's imposition of special conditions for an abuse of discretion. *See United States v. Edgin*, 92 F.3d 1044, 1048-49 (10th Cir. 1996) (finding no waiver of argument concerning special condition when condition was imposed after the court had "resolved all the objections to the presentence report and had permitted [the defendant] to make a final statement"); *see also United States v. Bull,* 214 F.3d 1275, 1278-79 (11th Cir. 2000) (stating that defendant properly raised objection to special condition on appeal when he had no opportunity to object to it at sentencing).

treatment and counseling services.

In *United States v. Martinez*, we held that any conflict between the oral pronouncement of sentence and the written sentence must be resolved in favor of the oral pronouncement. 250 F.3d 941, 942 (5th Cir. 2001). Warden contends that when the district court added the requirement that he pay the costs of treatment in the written judgment, the court created a conflict with its oral pronouncement. We disagree. We find the Eleventh Circuit's holding in *United States v. Bull* persuasive. 214 F.3d 1275 (11th Cir. 2000), *cert. denied*, 531 U.S. 1056 (2000). In *Bull*, the court rejected the defendant's argument that the sentencing court erred by including in its written judgment a requirement for him to contribute to the cost of his mental health treatment imposed as a special condition of his supervised release. *Id.* at 1279. The court found that there was no conflict between the oral pronouncement, which made no mention of costs, and the written judgment. *Id.* ("The written order of judgment, imposing the cost of treatment upon Bull, does not conflict with the requirement that he attend treatment."). *Cf. United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999) (finding no conflict between oral sentence imposing supervised release and written judgment articulating the specific conditions of release; "[t]he written judgment simply clarified the meaning of that sentence by specifying what the supervision was to entail").

The difference between the two statements made by the district court in this case creates, if anything, an ambiguity. Thus, we must look to the intent of the sentencing court, as evidenced in the record. *See Martinez,* 250 F.3d at 942. In this case, the requirement that Warden bear the costs of the ordered treatments is clearly consistent with the district court's intent that he attend drug treatment, sex offender, and anger management counseling, as evidenced in the statements made by the court at the sentencing hearing. Because the provision regarding costs is consistent with the

district court's intent in imposing the conditions of supervised release, we reject Warden's argument on this point.

Warden argues in the alternative that in its written judgment, the district court impermissibly delegated its authority to the probation officer by permitting the probation officer to determine Warden's "ability to pay" the costs of the relevant treatments. Warden relies on our decision in *United States v. Albro* to support his argument. 32 F.3d 173 (5th Cir. 1994). In *Albro*, we held that any decision as to the amount and manner of restitution payments, including the amount and timing of installments, and any other payment details, must be made by the court, rather than a probation officer. *Id.* at 174. However, *Albro* can be distinguished as it concerns restitution payments, rather than payment for the costs of drug treatment and other counseling.

Moreover, in *Albro*, the probation officer was clearly charged with determining the "manner" of payments by creating a payment schedule to govern amounts paid to third parties. *Id.* Here, however, the probation officer is given only the responsibility to make a determination as to Warden's ability to pay, a factfinding determination commonly made by probation officers in other contexts. *See, e.g.,* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(c)(15) (2000) (including as "standard" condition of supervised release, defendant's obligation to notify the probation officer "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments."); *United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998) (discussing probation officer's obligation to determine, for purposes of pre-sentence report, defendant's ability to pay criminal fine). Thus, we reject Warden's argument and hold that the district court's special conditions did not include an unlawful delegation of authority to the probation officer.

Warden next argues that 21 U.S.C. § 841, the statute under which he was convicted, is unconstitutional in light of the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Warden concedes that his argument is foreclosed by our prior ruling in *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001). Because we cannot overrule an earlier panel's decision, we reject Warden's argument. *See Tigner v. Johnson*, 264 F.3d 521, 526 (5th Cir. 2001) ("One circuit panel cannot overrule another panel's decision.").

For the foregoing reasons, we AFFIRM Warden's conviction and sentence.