IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21219
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VICTOR PERALES-VILLANUEVA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-411-1
--------------------
August 2, 2002

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Victor Perales Villanueva argues that the district court
should have suppressed his prior deportation from the United
States to Mexico because he was denied due process during the
deportation proceeding.  He argues that therefore his deportation
should not have been considered as a proved element of the
offense of illegal reentry.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Perales concedes that this argument is foreclosed by the court's decision in United States v. Benitez-Villafuerte, 186 F.3d 651 (5th Cir. 1999), cert. denied, 528 U.S. 1097 (2000), but he has raised the issue to preserve it for Supreme Court review. Perales has not argued that he suffered actual prejudice as a result of the administrative deportation proceeding. Therefore, the district court did not err in denying the motion to suppress the deportation. Benitez-Villafuerte, 186 F.3d at 657-58.

Perales also argues that the district court plainly erred in impermissibly delegating to the Probation Office the court's authority to set the amount and timing of payments of the cost of a drug and alcohol detection and treatment program, which the district court required as a special condition of Perales' supervised release. The district court did not delegate to the Probation Office the amount and timing of Perales' cost payments. The district court directed the Probation Office to determine Perales' ability to pay the cost of treatment. The court has determined that the delegation of that factfinding task is not an unlawful delegation of authority by the district court. See United States v. Warden, 291 F.3d 363 (5th Cir. May 14, 2002, No. 01-40061) 2002 WL 977273 at *3. The district court did not plainly err in imposing the cost-payment special condition of supervised release.

AFFIRMED.