IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40159
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DALE GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-01-CR-250-1)
--------------------
August 7, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles Dale Guerrero appeals his conviction and sentence following his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Guerrero presents several arguments on appeal.

First, Guerrero argues that the factual basis offered in support of the interstate commerce element of 18 U.S.C. § 922(g)(1)

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

was inadequate to support his guilty plea because it showed only that the firearm previously traveled in interstate commerce. Guerrero acknowledges that this argument is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002), and he raises it to preserve it for possible Supreme Court review.

Guerrero also argues that the district court improperly applied the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing a firearm in connection with another felony offense when the other felony offense occurred simultaneously with the felon-in-possession offense that is the subject of the instant federal prosecution and sentencing. Guerrero acknowledges that this argument is foreclosed by United States v. Armstead, 114 F.3d 504, 510-13 (5th Cir. 1997), and he raises it to preserve it for possible Supreme Court review.

Finally, Guerrero argues that the district court erred by including special conditions of supervised release in its written judgment that were not stated in its oral pronouncement of sentence. He challenges the requirement of the written judgment that he: 1) incur costs associated with drug and alcohol detection and treatment, based on his ability to pay as determined by the probation officer and 2) "further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer."

2

If there is a conflict between the oral and written judgments, then the oral pronouncement controls over the written judgment. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). If, however, there is merely an ambiguity between the two, we look to the record "to determine the district court's true intent." Id.

When, as here, an oral pronouncement requires a defendant to participate in particular counseling and treatment programs and the written judgment also requires the defendant to pay for the costs of those programs, there is no conflict. The payment requirement is consistent with the district court's intent that the defendant participate in such treatment. See United State v. Warden, 291 F.3d 363, 364-65 (5th Cir. 2002), petition for cert. filed, (U.S. June 3, 2002) (No. 01-10662). Neither is the delegation to the probation officer of the responsibility to determine Guerrero's ability to pay monitoring costs of drug detection and treatment unlawful. See id. at 366.

We nevertheless conclude that the district court erred by including, in its written judgment of conviction, the special condition that Guerrero shall "further submit to drug-detection techniques in addition to those performed by the treatment agency, as directed by the probation officer." Regarding drug treatment, the district court at sentencing required only that Guerrero "participate in a drug treatment and abuse program as required by the United States Probation Office." The condition that Guerrero undergo further drug treatment is unrelated to the drug treatment

3

initially ordered by the district court at sentencing. Consequently, the written judgment is in conflict with the oral pronouncement.  See Martinez, 250 F.3d at 942.  We therefore modify the sentence by excising the portion of the written sentence that states: "The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer."

Guerrero's conviction is AFFIRMED.  His sentence is AFFIRMED AS MODIFIED.