IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21297
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM AVILES-FUENTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-616-ALL
--------------------
August 14, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abraham Aviles-Fuentes ("Aviles") appeals his guilty-plea conviction and sentence for illegal reentry following deportation after having been convicted of an aggravated felony, pursuant to 8 U.S.C. §§ 1326(a), (b)(2). He argues that the supervised-release provision in the written judgment requiring him to pay the costs of court-ordered drug treatment and testing conflicts with the district court's oral pronouncements at sentencing and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively, that the provision constitutes an impermissible delegation of authority to the probation officer charged with determining Aviles' ability to pay such costs. He also argues, for the first time on appeal, that 8 U.S.C. § 1326(b)(2) is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Aviles' arguments concerning the cost-payment provision in the written judgment are foreclosed by United States v. Warden, 291 F.3d 363 (5th Cir. 2002). In Warden, under substantially similar facts, this court held that the cost-payment condition in the written judgment did not conflict with the oral sentence and that the provision was not an impermissible delegation of authority to the probation officer. Warden, 291 F.3d at 365-66.

Aviles acknowledges that his Apprendi issue is foreclosed by Almendarez-Torres, 523 U.S. 224 (1998), but he raises the issue to preserve it for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.