IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20008
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CENOVIO RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-366-ALL
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Cenovio Ramirez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Ramirez argues that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction. He contends that the sentencing

---

[*] Pursuant to 5th CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision is unconstitutional.  He asks that his sentence be vacated and his case remanded for resentencing under 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Ramirez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000).  He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Id. at 984 (internal quotation marks and citation omitted).

Ramirez also argues that the district court impermissibly delegated to the Probation Office its authority to set the amount and timing of payments for the cost of a drug and alcohol detection and treatment program, which the district court required as a special condition of Ramirez's supervised release. However, the district court did not delegate to the Probation Office the authority to set the amount and timing of Ramirez's

cost payments.  The district court directed the Probation Office to determine Ramirez's ability to pay the cost of treatment.

To the extent Ramirez challenges the district court's delegation of that factfinding task, his argument is foreclosed. In United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002), this court held that allowing a probation officer to determine a prisoner's ability to pay the costs of court-ordered treatment programs was not an impermissible delegation of authority. Ramirez acknowledges that his argument is foreclosed by Warden. He raises the argument to preserve it for further review.

The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.