IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20087
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO CORNEJO-JAIMES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-278-ALL
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alfonso Cornejo-Jaimes (Cornejo) appeals his sentence for the offense of illegal reentry following deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Cornejo contends that the district court plainly erred when it delegated to the probation officer the authority to determine his ability to pay the costs of drug abuse detection. Cornejo's argument is foreclosed by our opinion in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002).

Cornejo also argues that the "aggravated felony provision" of 8 U.S.C. § 1326(b)(2) is unconstitutional on its face and as applied. Cornejo acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). He seeks to preserve his argument for possible further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984.

Moreover, Cornejo's indictment did allege that he had been deported after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). Thus, to the extent that he contends that the indictment failed to allege his prior aggravated felony conviction, his argument lacks factual support in the record.

AFFIRMED.