IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21212
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL PENA-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-504-1
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Miguel Pena-Gonzalez ("Pena") appeals the sentence he
received following his guilty-plea conviction for illegal
reentry, in violation of 8 U.S.C. § 1326.  Pena argues that the
district court impermissibly delegated the authority to determine
his ability to pay for the cost of alcohol/drug treatment, which
was ordered as a special condition of his supervised release, to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Probation Department.  This argument is foreclosed by <u>United States v. Warden</u>, 291 F.3d 363, 365-66 (5th Cir. 2002).

Pena additionally argues that his sentence was improperly enhanced by his prior aggravated felony conviction under 8 U.S.C. § 1326(b).  He contends that the enhancement was improper and that 8 U.S.C. § 1326 is unconstitutional because his prior conviction was an element of the offense which must have been included in his indictment.  As Pena concedes, this argument is similarly foreclosed.  <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1202 (2001).

The district court's judgment is AFFIRMED.