IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20112
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERAFIN ALAMILLA-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-723-1
--------------------
October 30, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Serafin Alamilla-Hernandez argues that the district court
plainly erred in impermissibly delegating to the Probation Office
the court's authority to set the amount and timing of payments of
the cost of a drug and alcohol detection and treatment program,
which the district court required as a special condition of
Alamilla's supervised release.  The district court did not
delegate to the Probation Office the amount and timing of
Alamilla's cost payments.  The district court directed the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Probation Office to determine Alamilla's ability to pay the cost of treatment.  This court has determined that the delegation of that factfinding task is not an unlawful delegation of authority by the district court.  See United States v. Warden, 291 F.3d 363, 365-66 (5th Cir. 2002).  The district court did not plainly err in imposing the cost-payment special condition of supervised release.

Alamilla concedes that his argument that 8 U.S.C. § 1326(b)(2) is unconstitutional as applied in his case is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but argues that such decision has been called into question by the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.