IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20083
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY EDGAR WESLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-446-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roy Edgar Wesley ("Wesley") appeals his guilty plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Wesley contends that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him because the mere possession of a firearm that was manufactured in another state does not constitute a substantial effect on interstate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commerce.  This argument is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).  Wesley argues that his conviction is invalid because the indictment did not allege that his firearms possession had a substantial effect on interstate commerce.  We rejected this argument in United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997).

Wesley also argues that the district court erred when it included in its written judgment conditions of supervised release that were not orally pronounced at sentencing and when it delegated authority to the probation office regarding his conditions of supervised release.  These arguments were rejected in United States v. Warden, 291 F.3d 363, 364-65 (5th Cir. 2002).

Wesley concedes that his arguments are foreclosed by this court's precedent, but seeks to preserve the arguments for further review.  Because Wesley's arguments are foreclosed by this court's precedent, the district court's judgment and sentence are AFFIRMED.