IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21170
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS SALAZAR-AVILA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-600-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Salazar-Avila was convicted for being an alien found unlawfully in the United States following deportation and has appealed his conviction and sentence. Salazar contends that his sentence should be vacated because a special condition in the written judgment requiring him to bear the expense of drug/alcohol treatment was not orally pronounced at sentencing. Salazar contends in the alternative that the district court delegated impermissibly to the Probation Office its authority to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

set the amount and timing of payments for the drug/alcohol treatment services.  Because these arguments were rejected by the court in <u>United States v. Warden</u>, 291 F.3d 363, 365-66 (5th Cir. 2002), Salazar cannot show that the district court abused its discretion in imposing the special condition.  <u>See</u> <u>id.</u> at 365 n.1 (standard of review).

Salazar argues that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Salazar concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001).  He nevertheless seeks to preserve the issue for Supreme Court review.  The judgment is

AFFIRMED.