IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20078
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PABLO ESTRADA-ZEA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-670-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Pablo Estrada-Zea was convicted for being an alien found

unlawfully in the United States following deportation and has

appealed his conviction and sentence.  Estrada contends that his

sentence should be vacated because a special condition in the

written judgment requiring him to bear the expense of

drug/alcohol treatment was not orally pronounced at sentencing.

Estrada contends in the alternative that the district court

delegated impermissibly to the Probation Office its authority to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

set the amount and timing of payments for the drug/alcohol treatment services.  Estrada concedes that these arguments were rejected by the court in <u>United States v. Warden</u>, 291 F.3d 363, 365-66 (5th Cir. 2002), but states that he wishes to preserve the issues for review by the Supreme Court.

Estrada argues that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Estrada concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001).  He nevertheless seeks to preserve the issue for Supreme Court review.  The judgment is

AFFIRMED.