IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-21191

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

EDDY FERNANDO SANDOVAL-HIDALGO,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

November 14, 2002

Before HIGGINBOTHAM, DUHÉ, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

    Appellant Eddy Fernando Sandoval-Hidalgo brings two points of error on appeal. He first complains that the district court erroneously enhanced his sentence for illegal reentry into the United States[1] by eight levels after concluding that his prior felony conviction for simple possession of drugs constituted an aggravated felony under the 2001 version of Sentencing Guideline §

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 8 U.S.C. § 1326.

2L1.2(b)(1)(B).  Based on the analysis we applied in *United States v. Caicedo-Cuero*,[2] in which we found that state felony drug possession convictions still constitute drug trafficking crimes for purposes of § 2L1.2(b)(1)(B)'s aggravated felony enhancement under the 2001 version of the guideline, the district court did not err in applying the eight-level enhancement to appellant.[3]

Sandoval asserts, as an additional point of error, that the district court, which required the defendant to submit to drug screening as a condition of supervised release, impermissibly delegated to the Probation Office the authority to set the amount and timing of payments toward the costs of court-ordered drug abuse detection efforts.  As he concedes in his reply brief, however, this issue is foreclosed by *United States v. Warden*,[4] in which we held that a district court could delegate to the Probation Office the responsibility of determining a defendant's ability to pay for court-ordered drug screening.[5]

---

[2] No. 02-20751 (5th Cir. Nov. 14, 2002).  This opinion is attached.

[3] In *Caicedo-Cuero*, the appellant protested both that his prior conviction for simple possession was not a felony for purposes of the aggravated felony enhancement and that it was not a drug trafficking crime for purposes of the enhancement.  *Id.* Here, Sandoval concedes that his prior crime is a felony, and asserts only that his prior felony conviction is not a drug trafficking crime for purposes of the aggravated felony enhancement under the 2001 version of § 2L1.2.

[4] 291 F.3d 363, 366 (5th Cir. 2002).

[5] *Id.*

AFFIRMED.