IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20045
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SALVADOR ORTEGA-TINOCO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-602-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Salvador Ortega-Tinoco ("Ortega") appeals the sentencing
following his guilty plea for illegal reentry into the United
States following deportation.  Ortega argues that his prior
conviction for possession of cocaine is not an aggravated
felony under the November 1, 2001, Sentencing Guidelines
§ 2L1.2(b)(1)(C).  Ortega also contends that the district court's
order imposing the cost associated with his drug/alcohol
treatment based upon his ability to pay to be determined by the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

probation officer impermissibly delegated the court's duties to the probation officer.  Ortega acknowledges that his argument is foreclosed by <u>United States v. Warden</u>, 291 F.3d 363 (5th Cir. 2002), but he seeks to preserve it for further review.

Ortega's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" are foreclosed by the decision in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697 (5th Cir. 2002).  Accordingly, the district court did not err in assessing the eight-level upward adjustment.

AFFIRMED.