**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 18, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-21154
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES BADILLO-LEIJA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-316-1
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We recall the mandate, withdraw the opinion issued May 7, 2003, and substitute the following:

Andres Badillo-Leija ("Badillo") appeals his sentence for illegal reentry after deportation, a violation of 8 U.S.C. § 1326.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He argues that the district court erred (1) by enhancing his offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C), (2) by departing upward by four levels pursuant to U.S.S.G. § 4A1.3, and (3) by including special conditions of supervised release in its written judgment that were not orally pronounced at the sentencing hearing.

Badillo argues that his felony convictions for possession of cocaine were not "aggravated felonies" warranting an eight-level enhancement but were instead "other felonies" warranting only a four-level enhancement. A prior conviction is an aggravated felony "if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997). Badillo's arguments were rejected in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003).

We affirm an upward departure "if (1) the [district] court gives acceptable reasons for departing and (2) the extent of the departure is reasonable." United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997). The district court provided acceptable reasons for departing upward pursuant to § 4A1.3 by citing Badillo's five previous felony convictions and his history of recidivism, and the four-level departure and additional 16 months' imprisonment were reasonable.

Badillo argues that the district court erred by including in the written judgment special conditions of supervised release that

were not stated at the sentencing hearing. We recently held that the inclusion in the written judgment of a condition requiring additional drug testing, even if that condition was not orally pronounced, does not create a conflict between the oral and written judgments. See United States v. Vega, No. 01-41019, 2003 WL 21257969 (5th Cir. June 2, 2003) (per curiam).

Badillo's argument that the district court impermissibly delegated to the Probation Department the authority to determine his ability to pay is foreclosed by United States v. Warden, 291 F.3d 363, 364-65 & n.1 (5th Cir. 2002), cert. denied, 123 S. Ct. 35 (2003).

AFFIRMED.