United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41695
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED ALDRIDGE SMALLEY, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-793-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfred Aldridge Smalley, Jr., pleaded guilty to one count of transporting an undocumented alien for financial gain. Smalley argues on appeal that his conviction and guilty plea should be vacated because a magistrate judge, rather than an Article III judge, presided over his FED. R. CRIM. P. 11 colloquy; that the district court impermissibly delegated its authority to require payment for drug testing to the probation office; and that the terms of supervised release contained in the written judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entered by the district court conflict with the court's oral pronouncement at sentencing.

Smalley correctly acknowledges that his first two arguments are foreclosed by this court's precedent and states that he raises them merely to preserve the issues for Supreme Court review.  See United States v. Dees, 125 F.3d 261, 264-66 (5th Cir. 1997); United States v. Warden, 291 F.3d 363, 364-66 (5th Cir. 2002).  We find no abuse of discretion in the written terms of supervised release imposed by the district court.  Warden, 291 F.3d at 364-65; United States v. Vega, 332 F.3d 849, 851 (5th Cir. 2003).

AFFIRMED.