United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2002**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20054
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ERNESTO PEREZ-BOLLANO, also
known as William Bollano-Perez, also
known as William Perez, also known as
William Ernesto Perez, also known as
William Ernesto Bolan Perez, also known
as William Perez-Bollanos,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-113-1
- - - - - - - - - - -

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Willam Ernesto Perez-Bollano (Perez) appeals his conviction

after a bench trial of illegal re-entry in violation of 8 U.S.C.

§ 1326(b)(2). He raises three issues on appeal: (1) that the

district court erred by delegating authority to the United States

Probation Office to determine his ability to pay the costs of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court-ordered drug and alcohol treatment program; (2) that 8 U.S.C. § 1326(b)(2) is unconstitutional because it does not require a prior aggravated felony offense to be proven to the factfinder beyond a reasonable doubt; and (3) that the evidence of his prior deportation should have been suppressed because the removal procedures violated due process. Perez concedes that the latter two arguments are foreclosed by this court's precedent but raises these issues in order to preserve possible Supreme Court review.

Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Accordingly, Perez's argument that 8 U.S.C. § 1326(b)(2) is unconstitutional lacks merit.

In United States v. Benitez-Villafuerte, 186 F.3d 651, 656-59 (5th Cir. 1999), this court held that the administrative removal procedures in 8 U.S.C. § 1228 do not violate due process and that in order to collaterally attack a prior deportation proceeding in a prosecution under 8 U.S.C. § 1326 a defendant is required to establish that there is a reasonable likelihood that he would not have been deported but for the alleged errors in the deportation proceeding. Perez has conceded that he cannot meet this standard. Therefore, this issue is foreclosed.

In <u>United States v. Warden</u>, 291 F.3d 363 (5th Cir. 2002), we recently rejected an appellant's assertion that allowing a probation officer to determine the appellant's ability to pay the costs of court-ordered treatment programs was an impermissible delegation of authority.  Thus, Perez's first argument also is foreclosed by circuit precedent.  <u>Id.</u> at 366.

AFFIRMED.