United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41641
c/w 03-41644
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUBEN SANCHEZ-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. B-03-CR-581 & B-03-CR-793-ALL
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ruben Sanchez-Garcia appeals his guilty-plea conviction and

sentence for violating 8 U.S.C. § 1326(a) and (b) by being found

in the United States, without permission, following his

conviction of an aggravated felony and subsequent deportation.

Sanchez-Garcia also appeals the sentence imposed following

revocation of a supervised release term he was serving in

connection with a prior conviction of violating 8 U.S.C. § 1326.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

For the first time on appeal, Sanchez-Garcia argues that the sentencing provisions in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Sanchez-Garcia acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but raises the issue to preserve it for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Also for the first time on appeal, Sanchez-Garcia contends that the sentence imposed for his most recent violation of 8 U.S.C. § 1326 is illegally ambiguous because the district court failed to pronounce at sentencing a specific term of supervised release. The ambiguity in Sanchez-Garcia's sentence was resolved by the district court's written judgment, which indicated that Sanchez-Garcia was sentenced to a three-year term of supervised release. See United States v. Warden, 291 F.3d 363, 365 (5th Cir. 2002).

AFFIRMED.