**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Picheth Yoeun CHER, Defendant—
Appellant.**

No. 04–50328.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided March 28, 2005.

Lawrence S. Middleton, Esq., Ronald L. Cheng, Esq., USLA-Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD FAX, FPDCA-Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GIBSON,* GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Defendant Picheth Yoeun Cher appeals the sentence imposed by the district court.

1. The district court did not err in applying a 10–level enhancement for the loss caused by Defendant's crimes. In the plea colloquy Defendant expressly admitted the amount of loss and the dates of the offense conduct. In that circumstance there is no Sixth Amendment violation and the sentence is consistent with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. The district court's finding that Defendant does not suffer from an extraordinary impairment is not clearly erroneous. The court recognized its authority to depart downward but, on the basis of the facts, declined to exercise its discretion to do so. We lack jurisdiction to review that exercise of discretion. *United States v. Garcia–Gomez*, 380 F.3d 1167, 1174 (9th Cir.2004). Even assuming, without deciding, that after *Booker* a remand may occur in this circumstance, we would not remand for resentencing because we are convinced on this record that, under any potentially applicable standard of review, the sentence imposed is reasonable and the district court would not have imposed a different sentence had it treated the United States Sentencing Guidelines as discretionary.

3. The government concedes that the district court improperly failed to set a schedule of restitution payments and that a remand concerning restitution is required.

4. With respect to the order requiring Defendant to pay all or a part of the court-ordered psychological treatment, as may be directed by the Probation Office, this issue was not raised below. We therefore review for plain error. *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir.2003), *cert. denied*, —— U.S. ——, 125 S.Ct. 32, 160 L.Ed.2d 32 (2004). Because there is at least one circuit that has allowed this condition, *United States v. Warden*, 291 F.3d 363 (5th Cir.2002), and because the statute does not clearly require a contrary

---

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conclusion, we cannot say that there was plain error here.

Restitution VACATED and REMANDED for further proceedings; sentence otherwise AFFIRMED.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.