# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40500
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TIMOTHY WAYNE BAILEY,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-1008-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy Bailey appeals his guilty-plea conviction of sexual exploitation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40500

of a child.  He contends that a special condition of supervised release ("SR") in the written judgment conflicts with the oral pronouncement of sentence.

When a written judgment conflicts with the oral pronouncement, the latter controls, and the written judgment must be conformed.  *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).  If, however, the difference merely creates an ambiguity, we may examine the entire record to determine the intent of the sentencing court.  *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003).

The district court orally ordered, as a special condition of SR, that Bailey participate in "a sex offender treatment program provided by registered sex offender treatment providers approved by the United States probation officer."  The written judgment contained that condition but added that Bailey "shall waive his right of confidentiality in any records for mental health treatment imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider."  In addition, the written judgment provided that "[t]he Court authorizes the release of pertinent information from the presentence investigation report that will assist with the mental health treatment of the offender, and available mental health evaluations to the mental health provider, as approved by the probation officer."

Bailey claims there is a conflict because the oral pronouncement did not include the waiver-of-confidentiality provision.  The waiver provision is consistent, however, with the district court's implicit intent that Bailey attend, participate in, and benefit from the sex-offender-treatment program; the probation officer's monitoring of Bailey's progress could aid in that process and could lead to adjustments in the treatment, if warranted.  *See United States v. Tang,* 718 F.3d 476, 486 (5th Cir. 2013).  Thus, the written judgment explains how the

No. 13-40500

sex-offender treatment is to be implemented and monitored and adds nothing that is not implicit in the oral pronouncement and intent directing that Bailey receive treatment. *See United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002).

AFFIRMED.