# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 21-40665

United States of America,

*Plaintiff—Appellee*,

*versus*

Evans Ackah,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1721-1

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Evans Ackah was convicted of transporting and attempting to transport an alien within the United States as well as conspiracy to do the same. Ackah appeals the written judgment and sentence imposed on the grounds that it expands the oral pronouncement of a mental-health-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40665

treatment condition of supervised release and that it contains a clerical error. For the following reasons, we AFFIRM in part and VACATE in part.

## I.

Evans Ackah was convicted, following a bench trial, of one count of transporting and attempting to transport an alien within the United States and one count of conspiracy to do the same in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (A)(v)(I), respectively.  In a sentencing hearing, the district judge sentenced Ackah to 21 months in custody on each count, to run concurrently, followed by two years of supervised release on each count, also to run concurrently. He also imposed a $200 special assessment to be paid upon Ackah's release. Last, just before the close of the hearing, the probation officer raised the possibility of including mental-health treatment in Ackah's sentence since the probation officer's report had not recommended mental-health treatment, but Ackah's attorney had voiced concerns about his mental wellbeing. In response, the district judge pronounced:

> Yes. Let's do an evaluation and mental health treatment while he's in custody. And then when he gets out, I think he said he didn't have insurance, he was trying to get help himself, so they've requested it. So I'm glad to make that a part of the judgment here so that he can, in fact, get help if he needs it.

Then, the district court entered its written judgment indicating that, in addition to a recommendation to the Bureau of Prisons that Ackah participate in a mental-health treatment program while in custody, as a special condition of supervision, Ackah "must participate in a mental-health treatment program . . . [and] must pay the cost of the program, if financially able."

Ackah appeals the judgment arguing that (1) the written judgment's mandate of mental-health treatment (and payment for it) as a condition of supervised release conflicts with the court's oral pronouncement of

permissive treatment conditioned on Ackah's need, and (2) that the written judgment contains a clerical error that should be corrected.

## II.

We review the imposition of conditions of supervised release for an abuse of discretion. *United States v. Huor*, 852 F.3d 392, 397 (5th Cir. 2017); *United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002). The conditions of supervised release that are required by 18 U.S.C. § 3583(d) need not be pronounced at sentencing because objecting to them would be futile. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). Any discretionary condition, however, must be pronounced "to allow for an objection." *Id.*[1] Discrepancies between an oral pronouncement and the written judgment are delineated into two types: ambiguities and conflicts. *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). If the discrepancy is a mere ambiguity, the court determines whether the oral and written pronouncements are reconcilable. *Id.* at 559.

If the discrepancy is a conflict, the court will vacate the judgment and remand for entry of an amended judgment that conforms with the oral pronouncement. *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006). To determine "whether there is a conflict, this court considers whether the written sentence is more burdensome than the orally pronounced sentence." *United States v. Magallon-Contreras*, 810 F. App'x 281, 283 (5th Cir. 2020) (citing *Bigelow*, 462 F.3d at 383–84). "If the written judgment broadens the

---

[1] "[T]his is based on the defendant's right to be present at sentencing. And that comes from the Sixth Amendment's Confrontation Clause." *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (5th Cir. 2018).

restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *Mireles*, 471 F.3d at 558.

### III.

First, the parties agree that the written judgment requires Ackah's mental-health treatment during supervised release. They disagree about whether the oral pronouncement mandates, or merely permits, mental-health treatment. It is clear from the record that the district judge was concerned about Ackah's ability to access continued mental-health treatment upon his release from custody due to his lack of insurance. An orally pronounced condition of supervised release that permits a defendant access to mental-health treatment if he needs it conflicts with a written judgment that mandates the very same treatment—it broadens a permission to a mandate.[2] The written requirement that Ackah must participate in a mental-health treatment program is thus "more burdensome than the orally pronounced sentence." *Magallon-Contreras*, 810 F. App'x at 283 (citing *Bigelow*, 462 F.3d at 383–84). Accordingly, we vacate the judgment and remand for entry of an amended judgment that conforms to the oral pronouncement.

---

[2] *United States v. Rios*, 812 F. App'x 287, 288 (5th Cir. 2020) (finding that the district court abused its discretion by mandating participation in an educational program after orally pronouncing that defendant was required to participate in such a program only "if he had not already [obtained his GED] during his term of imprisonment"); *cf. United States v. Griffin*, 780 F. App'x 103, 106 (5th Cir. 2019) (finding no conflict when both the oral and written pronouncements permitted substance abuse counseling based on the probation office's discretion); *Mireles*, 471 F.3d at 558–59 (finding no conflict when the oral and written pronouncements involved mandates "prevent[ing the defendant] from trafficking drugs while engaged in commercial truck driving activities"); *Warden*, 291 F.3d at 365 (finding no conflict between oral and written pronouncements mandating drug and other treatment during supervision).

No. 21-40665

Second, however, we have already indicated that the "imposition of the costs of drug treatment, *even if mentioned for the first time in the written judgment*, does not create a conflict between the written and oral judgments[.]" *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (emphasis in original); *see also Warden*, 291 F.3d at 365 (finding no conflict wherein the requirement to pay for treatment was mentioned for the first time in the written judgment). Accordingly, we affirm the written judgment's requirement that Ackah pay, if financially able, for any mental-health treatment he receives during his supervision period. We note, however, that Ackah would incur such an obligation only if such treatment is in fact necessary.

Third, the parties agree that the judgment should be remanded to correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36. During the sentencing hearing, the district judge pronounced (after agreement from the parties) that the $200 special assessment would be due upon Ackah's release from custody, but the written judgment indicates that the $200 special assessment was to be paid "immediately." We vacate that portion of the judgment and remand to the district court to correct the clerical error.

## IV.

For the foregoing reasons, we VACATE the judgment in part and REMAND to the district court to correct the clerical error and the conflict with the oral pronouncement. We AFFIRM the district court's judgment regarding Ackah's payment for mental-health treatment during supervised release.