# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

No. 21-50806

United States of America,

*Plaintiff—Appellee*,

*versus*

Cruz Angel Romana-Calderon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-576

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:*

Cruz Angel Romana-Calderon contends the district court violated his right to be present at sentencing by including a special condition in its written judgment that does not conform to its oral pronouncement at sentencing. As explained below, we AFFIRM but REMAND to the district court to make a slight modification.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50806

In May 2021, Romana-Calderon, a Mexican citizen, pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(b)(1). In conjunction with Romana-Calderon's guilty plea, a probation officer prepared a presentence report recommending an imprisonment term of 24 to 30 months. The report also recommended a supervised release term of one to three years with "mandatory and standard conditions" and "no special conditions." At Romana-Calderon's rearraignment hearing, the magistrate judge told him his supervised release would likely include at least two conditions: "[n]ot to come back to the United States illegally and not to violate the laws of the United States." At sentencing, the district court asked if Romana-Calderon had reviewed the presentence report with his attorney. Romana-Calderon said that he had. He made no objections to the report. Romana-Calderon also stated that he intended to "stay in Mexico" and would not return to the United States.

Ultimately, the district court judge orally sentenced Romana-Calderon to 24 months' imprisonment followed by "two years nonreporting supervised release." The written judgment also included a special condition stating that if Romana-Calderon is deported, he "must remain outside the United States." This provision resembles—though slightly differs—from the language of a standard condition adopted by the Western District of Texas which states, "If the defendant is excluded, deported, or removed upon release on probation or supervised release . . . . The defendant shall not *illegally* re-enter the United States." Standing Order, *Conditions of Probation and Supervised Release* (W.D. Tex. Nov. 28, 2016) (emphasis added).

On appeal, Romana-Calderon argues that the special condition in the written judgment impermissibly conflicts with the sentence the district judge orally pronounced. Specifically, he says that the district court never adopted the presentence report which incorporated the standard conditions set by the Western District. Moreover, even if it had, the condition in the written

2

judgment and the standard condition conflict. He asks this court to resolve this conflict by remanding to the district court to amend the written judgment to conform with the oral pronouncement.

Since Romana-Calderon alleges he did not have an opportunity to object to the special condition imposed in the written order, we review for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Defendants have a Fifth Amendment due process right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); *see also United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc). In *Diggles*, we explained that this right entitles defendants to "notice of the[ir] sentence and an opportunity to object." 957 F.3d at 560. This opportunity does not exist when "the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). Therefore, in that case, the court must remand to the district court to conform the written judgment to the oral pronouncement. *Id.* If, however, the written judgment merely clarifies an ambiguity in the oral sentence, no conflict exists. *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002). In that instance, the court's role is to review the record to ensure the written judgment evidences the district court's intent. *Id.* If it does, no reconciliation is required. *See id.*

There's no question that Romana-Calderon had notice and an opportunity to object to the standard condition that, if deported, he would not illegally return to the United States. As discussed, the presentence report incorporated the Western District's standard condition, which states that defendants "shall not illegally return to the United States." While the district court did not explicitly adopt the presentence report, it indicated its

intent to rely on it by asking Romana-Calderon whether he reviewed it with his lawyer.  Romana-Calderon affirmed that he had and did not object to the report.  In fact, he expressly stated that he had no intent to return to the United States.

Romana-Calderon, however, argues that the version of the special condition in the written judgment nonetheless conflicts with the district court's oral pronouncement because it imposes a more burdensome restriction than the Western District's standard condition.  He contends that the latter only prohibits "*illegal*[] re-ent[ry]" into the United States, while the former—which requires him to "remain outside the United States"—precludes him from pursuing legal forms of reentry.[1]  This conflicts with his representation to the district court that he did not intend to return to the United States, and he certainly never expressed any desire to pursue legal reentry at sentencing, even if such were available (which is unlikely).

In order to avoid any problem, we conclude that it is appropriate, in the interest of justice, to modify the condition in the written judgment to conform to the standard included in the presentence report.  We therefore REMAND to the district court with the directive to modify the condition that "[i]f ordered deported from the United States, the defendant must remain outside the United States" to read:  "[i]f ordered deported from the United States, the defendant may not illegally re-enter the United States."

AFFIRMED with REMAND for modification as directed above.

---

[1] Romana-Calderon provides one primary example: he claims the written judgment's special condition, unlike the Western District's standard condition, would prevent him from "approach[ing] a port of entry and seek[ing] permission to reenter the United States."  This would, he says, bar him from seeking "numerous forms of immigration relief, like requesting immigration status due to his child's United States citizenship, or any number of discretionary forms of immigration relief."