United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-41380
c/w 02-41563
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR GONZALEZ,
also known as Lam Gonzalez,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-282-3
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges

PER CURIAM:[*]

Lamar Gonzalez was convicted of one count of aiding and abetting possession with intent

to distribute approximately 152 kilograms of marijuana and sentenced to 46 months in prison and

a three-year term of supervised release. He was twice released to supervised release, and his

supervised release was twice revoked. He now challenges both of the judgments that revoked his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release. He argues that the district court's oral and written judgments are in conflict because the written judgment contains special conditions of supervised release that were not mentioned at sentencing. Gonzalez argues that those conditions not mentioned at sentencing should be deleted from the written judgment. He alternatively contends that the district court impermissibly delegated to the probation office its authority to determine whether he was able to contribute to the costs of substance treatment and detection.

This court reviews challenges to special conditions of supervised release in a written judgment under the abuse of discretion standard. United State v. Warden, 291 F.3d 363, 365 n.1 (5th Cir.), cert. denied, 123 S. Ct. 35 (2002). If there is a discrepancy between the oral sentence imposed by the district court and a written judgment, the oral sentence controls. United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). However, if there is merely an ambiguity between the two, this court examines the entire record to determine the intent of the district court. Id.

When, as here, an oral pronouncement requires a defendant to participate in a substance-abuse treatment program and the written judgment also requires the defendant to pay for the costs of such treatment, there is no conflict. See Warden, 291 F.3d at 364-65. Furthermore, the district court lawfully delegated authority to the probation officer to determine Gonzalez's ability to pay the costs of such treatment. Id. at 366. Gonzalez's challenge to that portion of the written judgment that orders him to submit to additional drug testing, as directed by his probation officer, is likewise unavailing. See United States v. Vega, 332 F.3d 849 (5th Cir. 2003).

Gonzalez also argues that the underlying statute of conviction, 21 U.S.C. § 841, is facially unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). It is unclear whether

2

Gonzalez may challenge his underlying conviction in this appeal from the revocations of his supervised release terms. See United States v. Teran, 98 F.3d 831, 833 n.1 (5th Cir. 1996).

There is no need, however, to decide this issue now. If it is assumed without deciding that Gonzalez may raise this issue, then he still is not entitled to relief. As Gonzalez concedes, this court has rejected similar challenges. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2001). This argument is thus unavailing.

The judgments of the district court are AFFIRMED.