# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 29, 2012

Lyle W. Cayce
Clerk

No. 10-10504
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD EVAN GEORGE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-81-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald George, Jr., pleaded guilty pursuant to a plea agreement to one count of bank fraud in violation of 18 U.S.C. § 1344. As part of the plea agreement, George waived his right to appeal his conviction and sentence, reserving the right only to appeal a sentence exceeding the statutory maximum and to challenge the voluntariness of his guilty plea or the appeal waiver.

In this appeal, George argues that there was a conflict between the oral sentence and the written judgment and that the case should be remanded so

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the written judgment can be amended to conform to the oral pronouncement. George argues that the inclusion in the written judgment of the special condition that he "contribute to the costs of" substance-abuse treatment services "at a rate of at least $5.00 per month" creates a conflict that requires remand because the district court did not pronounce this condition at sentencing. George specifically argues that the failure of the written judgment to set a maximum limit placed an additional burden on him that was not mentioned in the oral pronouncement of his sentence and which therefore created a conflict. He further asserts that because the inclusion in the written judgment of a special condition not pronounced at sentencing violated his right to be present at sentencing, the appeal waiver should not be enforced.

The Government has filed a motion to dismiss, asserting that the appeal waiver bars the instant appeal. The Government alternatively moves for summary affirmance on the basis that George's claim that there is a conflict between the written and oral judgment regarding the payment of treatment is foreclosed by this court's holding in *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003). The Government also alternatively moves for an extension to time to file a brief.

*Standard of review*

George raises his arguments for the first time on appeal. However, we review his claims for abuse of discretion, and not for plain error, given that he did not have the opportunity at sentencing to object to the conditions imposed in the written judgment. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *see also United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002) (noting that review of the district court's imposition of special conditions would be reviewed for abuse of discretion because the defendant did not have the opportunity to object to or comment on the special conditions contained in the written judgment).

As for whether the appeal waiver bars the instant appeal, we pretermit this issue because George has failed to demonstrate that there exists a conflict for which remand is warranted. *See United States v. Story*, 439 F.3d 230, 230-31 (5th Cir. 2006) (noting that the existence of a valid appeal waiver does not implicate this court's jurisdiction).

In general, if a written judgment conflicts with an oral pronouncement of sentence, the oral pronouncement controls. *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006). Further, "if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *See United States v. Torres-Aguilar*, 352 F.3d 934, 936, 938 (5th Cir. 2003). However, we have held that the "imposition of costs of drug treatment, *even if mentioned for the first time in the written judgment*, does not create a conflict between the written and oral judgments, but 'creates if anything, an ambiguity.'" *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (citing *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002)). Because "the requirement that [George] bear the costs of his drug treatment is 'clearly consistent' with the district court's intent that [George] *attend* treatment," there is no conflict between the written and oral judgment, and modification of the sentence is not warranted. *See id.*

Accordingly, the Government's motion to dismiss is DENIED; the Government's motions for summary affirmance and for an extension of time to file a brief are DENIED as unnecessary; and the judgment of the district court is AFFIRMED.