**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-11002
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL BOCANEGRA-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-31-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rafael Bocanegra-Rodriguez (Bocanegra) appeals following his guilty plea conviction for transporting illegal aliens and aiding and abetting. He argues that the district court reversibly erred when it adjusted his offense level under U.S.S.G. § 3C1.2 and § 2L1.1(b)(6) because both adjustments were based on the same uninterrupted course of conduct. He argues that the risk caused by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions in the van and that posed by the manner in which the van was driven during flight cannot be evaluated without reference to one another.

We review the district court's application of the Guidelines de novo and its findings of fact for clear error. *United States v. Cuyler*, 298 F.3d 387, 389 (5th Cir. 2002). A district court's reasonable inferences from the facts also are reviewed for clear error. *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008).

Double counting is prohibited under the Sentencing Guidelines only where the guideline at issue expressly prohibits it. *See United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). In addressing whether multiple adjustments constitute impermissible double counting, the focus should be "on the temporal and spatial distinctiveness or separateness of the acts" in order to determine whether the conduct involves "more than one culpable act." *United States v. Gillyard*, 261 F.3d 506, 511 (5th Cir. 2001).

A defendant receives an adjustment under § 2L1.1(b)(6) if the offense conduct recklessly creates a risk of serious bodily injury to another person. A defendant receives an § 3C1.2 adjustment if his flight from a law enforcement recklessly creates a serious risk of bodily injury to another person. If the conduct justifying the § 2L1.1(b)(6) adjustment is solely related to fleeing from law enforcement, § 3C1.2 should not apply. *See* § 2L1.1, comment. (n.5). Thus, where the § 2L1.1(b)(6) adjustment is based on conduct not solely related to flight, the district court is not precluded from applying § 3C1.2.

The overcrowded conditions in the van posed a danger of a substantial risk of serious injury to the aliens and to the unsecured infant, even in the event of an ordinary traffic accident not caused by Bocanegra's subsequent reckless flight. Thus, the risk caused by the overcrowding was distinct from the risk posed by Bocanegra's reckless driving during flight. Furthermore, in addition to endangering his passengers, Bocanegra's reckless driving created a risk of

danger to people besides the van passengers.[1]  Because Bocanegra's conduct involved "more than one culpable act," the district court did not commit impermissible double counting in adjusting Bocanegra's offense level under both § 2L1.1(b)(6) and § 3C1.2.  *See Gillyard*, 261 F.3d at 511.

To the extent that Bocanegra's argument may be construed as an implicit challenge to the applicability of § 2B1.1(b)(6) made for the first time on appeal, we perceive no plain error.  *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).  The district court did not plainly err in determining that carrying 17 passengers in a van designed for 12 passengers created a risk of serious bodily injury.  *See United States v. Garza*, 541 F.3d 290, 294 (5th Cir. 2008).

AFFIRMED.

---

[1]  Bocanegra's reply contends that this point was never made before the district court. However, the PSR Addendum states: "Aside from endangering the passengers in an overcrowded van, the defendant fled from law enforcement, creating a substantial risk of serious bodily injury or death."