# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2020

Lyle W. Cayce
Clerk

No. 19-10180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENT ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-247-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brent Anderson appeals the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court plainly erred in applying a U.S.S.G. § 3C1.2 enhancement for reckless endangerment during his flight from law enforcement after applying a U.S.S.G. § 2K2.1 enhancement for possessing a firearm in connection with another felony offense, namely, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state felony offense of evading arrest with a vehicle.  To apply both enhancements, Anderson argues, constituted impermissible double counting pursuant to application note one to § 3C1.2.  Anderson alternatively argues that the district court plainly erred in applying the § 2K2.1 enhancement because he did not possess the firearm "in connection with" his vehicular flight from law enforcement.

Because Anderson did not object to the enhancements before the district court, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show plain error, Anderson has to show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.  *See id.*  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

With regard to the § 2K2.1(b)(6)(B) enhancement, Anderson correctly concedes that the issue whether he possessed the firearm "in connection with" his evading arrest offense is a question of fact that was capable of resolution by the district court and thus cannot constitute plain error.  *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Moreover, on this record, we conclude that Anderson has failed to show that the district court plainly erred in applying both enhancements in calculating his sentence.  *See Puckett*, 556 U.S. at 135; *United States v. Gillyard*, 261 F.3d 506, 511-12 (5th Cir. 2001).  Notably, even if we were to conclude that Anderson had shown error here, we could not, given this circuit's range of authority in cases addressing double counting guidelines issues, say that the error was clear or obvious.  *See United States v. Anthony*, 755 F. App'x 364, 367 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1576 (2019); *United States v. Bocanegra-Rodriguez*, 336 F. App'x 430, 430-31 (5th Cir.

2009); *Gillyard*, 261 F.3d at 511-12; *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 & n.8 (5th Cir. 1994).  In light of this conclusion, we do not reach prongs three and four of the plain error analysis.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.